UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZOHO CORPORATION PVT. LTD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ORION LABS TECH, LLC,<br><br>Defendant. | Case No.  25-cv-08727-VKD<br><br>**ORDER DENYING MOTION TO DISMISS AND MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. Nos. 21, 22 |

Plaintiffs Zoho Corporation Pvt. Ltd., Zoho Corporation, and Zoho Technologies Corporation (collectively, "Zoho") filed this action against defendant Orion Labs Tech, LLC ("Orion Labs") seeking a declaration of non-infringement of five Orion Labs patents:  U.S. Patent No. 10,924,339 ("the '339 patent"); U.S. Patent No. 11,127,636 ("the '636 patent"); U.S. Patent No. 11,258,733 ("the '733 patent"); U.S. Patent No. 10,110,430 ("the '430 patent"); and U.S. Patent No. 10,462,003 ("the '003 patent").  Dkt. No. 9.  Orion Labs now moves to dismiss Zoho's first amended complaint (FAC) for lack of subject matter jurisdiction under Rule 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), and failure to state a claim under Rule 12(b)(6).  Dkt. No. 21.  In the alternative, Orion Labs moves to transfer this case to the Western District of Texas. Dkt. No. 22; *see* Dkt. No. 21 at 11 n.4.  Zoho opposes the motions.  Dkt. Nos. 30, 31.[1]

Upon consideration of the moving and responding papers and oral arguments presented, the Court denies Orion Labs's motion to dismiss and motion to transfer.

---

[1] All parties have consented to magistrate judge jurisdiction.  Dkt. Nos. 24, 25.

United States District Court
Northern District of California

## I.    BACKGROUND

Unless otherwise noted, the following facts are taken from the operative complaint.

### A.    The Parties

Orion Labs is an LLC formed under the laws of Washington with a registered office address in Oregon.[2]  Dkt. No. 9 ¶ 6.  Orion Labs owns a portfolio of patents relating to the use of virtual assistants or bots in group communications.  *Id.* ¶¶ 14-18, 24.

Zoho Corporation Pvt. Ltd. is an Indian corporation with its principal place of business in India.  *Id.* ¶ 3.  Zoho Technologies Corporation is a California corporation with its principal place of business in Pleasanton, California.  *Id.* ¶ 4.  Zoho Corporation is a California corporation with its principal place of business also in Pleasanton, California.  *Id.* ¶ 5.  Zoho Corporation is the current U.S. distributor for all Zoho products which include Zoho Voice, Zoho Meeting, and Zoho Cliq.  *Id.* ¶¶ 2, 5.

### B.    Orion Labs Action against Talkdesk in California

On November 27, 2024, Orion Labs filed a complaint for patent infringement against Talkdesk in the U.S. District Court for the Eastern District of Virginia.  *Orion Labs Tech, LLC v. Talkdesk, Inc.*, No. 25-cv-05045-VKD ("Talkdesk Action"), Dkt. No. 1.  On January 29, 2025, Talkdesk filed a motion to dismiss the complaint, or in the alternative, to transfer the case to the U.S. District Court for the Northern District of California.  *Id.*, Dkt. No. 9.  The parties in that case stipulated to transfer that action to the Northern District of California, and on June 13, 2025, the Virginia district court ordered the action transferred to this District.  *Id.*, Dkt. Nos. 34, 35.

On July 14, 2025, Orion Labs filed its first amended complaint for patent infringement against Talkdesk.  *Id.*, Dkt. No. 54.  Orion Labs alleges that Talkdesk infringes seven patents, five of which are also at issue in this case.  *Id.*, Dkt. No. 54 at 2 (table of asserted patents including the '430 patent, the '003 patent, the '339 patent, the '636 patent, and the '733 patent).  Talkdesk has moved to dismiss the first amended complaint, and that motion is pending.  *Id.*, Dkt. No. 56.

---

[2] Although Orion Labs stated that it is a Washington corporation in its motion to transfer, Dkt. No. 22 ¶ 16, at the hearing, Orion Labs's counsel confirmed that Orion Labs is an LLC, Dkt. No. 40.

### C.    Orion Labs Action against Zoho in Texas

In its initial complaint in this action, filed on October 10, 2025, Zoho sought a declaration of non-infringement as to three Orion Labs patents:  the '339 patent, the '636 patent, and the '733 patent.  Dkt. No. 1.  On October 21, 2025, eleven days after Zoho filed its complaint, Orion Labs sued Zoho in the Western Division of Texas for infringement of the '430 patent and the '003 patent.  *See* Dkt. No. 9 ¶ 22.  On October 28, 2025, Zoho filed the FAC in this action seeking declarations of non-infringement of the '430 patent and the '003 patent, as well as the '339 patent, the '636 patent, and the '733 patent.  Dkt. No. 9 ¶¶ 40-69.

## II.    MOTION TO DISMISS

Orion Labs moves to dismiss the FAC pursuant to Rule 12(b)(2) for lack of personal jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim.  Dkt. No. 21.  In addition, Orion Labs moves to dismiss claims 4 and 5 pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  *Id.*  The Court first addresses Orion Labs's arguments regarding personal jurisdiction and Zoho's failure to state a claim.  The Court then addresses Orion Labs's argument regarding subject matter jurisdiction.

### A.    Rule 12(b)(2):  Personal Jurisdiction

Orion Labs argues that this declaratory judgment action must be dismissed for lack of specific personal jurisdiction.[3]  Dkt. No. 21 at 7-8.  "Determining whether jurisdiction exists over an out-of-state defendant involves two inquires: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process."  *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1152 (Fed. Cir. 2021) (citations omitted).  California's long arm statute, Cal. C.C.P. § 410.10, is co-extensive with federal due process requirements, and therefore the jurisdictional analyses under California law and federal due process merge into one.  *See* Cal. C.C.P. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("California's long-arm statute . . . is

_____

[3] For purposes of this motion, the parties agree that Orion Labs is not subject to general personal jurisdiction in this District.  *See* Dkt. No. 21 at 7; Dkt. No. 30 at 7-10.

United States District Court
Northern District of California

United States District Court
Northern District of California

coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same."). Zoho bears the burden of establishing that the exercise of personal jurisdiction is proper. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

A court's authority to exercise personal jurisdiction over a defendant "depends on the defendant's having such contacts with the forum State that the maintenance of the suit is reasonable, in the context of our federal system of government, and does not offend traditional notions of fair play and substantial justice." *Trimble*, 997 F.3d at 1153 (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (citation modified)). For a court to exercise specific personal jurisdiction, the following criteria must be met: (1) the non-resident defendant must have purposefully directed its activities at the forum or performed some act by which it purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Boschetto*, 539 F.3d at 1016; *Trimble*, 997 F.3d at 1153.

### 1.     Purposeful availment or direction

"[C]ommunications sent into a state may create specific personal jurisdiction, depending on the nature and scope of such communications." *Trimble*, 997 F.3d at 1155 (citing *S. Dakota v. Wayfair*, 585 U.S. 162 (2018) and *Quill Corp. v. N. Dakota By & Through Heitkamp*, 504 U.S. 298 (1992), *overruled on other grounds by S. Dakota v. Wayfair*, 585 U.S. 162 (2018)). "An entity that repeatedly sends communications into a forum state clearly has fair warning that its activity may subject it to the jurisdiction of a foreign sovereign," and "a defendant's negotiation efforts, although accomplished through telephone and mail from outside the forum, can still be considered as activities purposefully directed at residents of the forum." *Id.* (citation modified) (citing *Quill*, 504 U.S. at 308 and *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1362 (Fed. Cir. 2001)); *see also Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006) (suggesting in dicta that a cease-and-desist letter could be the basis for

specific personal jurisdiction). Other relevant contacts with the forum include: "hiring an attorney or patent agent in the forum state to prosecute a patent application that leads to the asserted patent"; "physically entering the forum to demonstrate the technology underlying the patent to the eventual plaintiff . . . or to discuss infringement contentions with the eventual plaintiff"; "the presence of an exclusive licensee doing business in the forum state"; and "extra-judicial patent enforcement targeting business activities in the forum state." *Trimble*, 997 F.3d at 1155-56 (quotations modified; citations omitted).

Here, the parties do not dispute the underlying facts that bear on the question of whether Orion Labs purposefully availed itself of the benefits of California, the forum state, or purposefully directed its activities at California. *See* Dkt. No. 21 at 7-8; Dkt. No. 30 at 2-4; Dkt. No. 38 at 2-4; Dkt. No. 40. Those facts are:

(1) Orion Labs is a non-practicing entity whose business principally involves enforcement of its patent rights;

(2) Orion Labs engaged in multiple communications with Zoho and its counsel in California over several months from January 2025 through October 2025;

(3) Orion Labs asserted infringement of three patents, and later five additional patents, against Zoho;

(4) Orion Labs sent multiple claim charts to Zoho's California counsel purporting to identify how Zoho's products infringed Orion Labs's patents;

(5) Two of the three Zoho plaintiffs are California corporations, with principal places of business in Pleasanton, California, and one of the two is the U.S. distributor for all Zoho products, including the accused products; however, both corporations also have offices in Texas;

(6) A third Zoho plaintiff is an Indian corporation with its principal place of business in India and no employees, facilities, or offices in the United States;

(7) Orion Labs expressed interest having Zoho license Orion Labs's patents and proposed specific license terms;

(8) In its communications with Zoho, Orion Labs referenced the Talkdesk Action, now

proceeding in California, in which Orion Labs asserts infringement of seven patents, including the five patents at issue here;

(9)     Orion Labs retained counsel in this District to prosecute the Talkdesk Action; and

(10)    Orion Labs has filed other patent enforcement actions in other districts, the Eastern District of Virginia and the Western District of Texas, but has not initiated any other patent enforcement action in the Northern District of California.

*See* Dkt. No. 9 ¶¶ 4-5, 11; Dkt. No. 22-1; Dkt. No. 30 at 2-4; Dkt. No. 30-1 ¶¶ 1, 2, 4, 5, Exs. A-D; Dkt. No. 31-1 ¶¶ 3-5.

As its actions make clear, Orion Labs repeatedly contacted Zoho—including two Zoho entities located in California—thereby accumulating an extensive number of contacts with the forum during a period of approximately eight months. *See Trimble*, 997 F.3d at 1157. Orion Labs "amplified its threats of infringement as the communications continued, asserting more patents and accusing more of [Zoho's] products of infringement," and signaled its intent to enforce its patents by referencing the Talkdesk Action. *See id.*; *see also Apple Inc. v. Zipit Wireless, Inc.*, 30 F.4th 1368, 1376 n.3 (Fed. Cir. 2022) (finding patentee purposefully directed its activities at California where patentee kept the alleged infringer "apprised of the status of ongoing IPRs of the patents-in-suit" and "escalated its allegations of infringement"). Orion Labs's repeated communications with Zoho and its counsel in California over the course of about eight months exceed the "sufficient latitude" that patentees have "to inform others of [their] patent rights without subjecting [themselves] to jurisdiction in a foreign forum." *See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360-61 (Fed. Cir. 1998) (holding that patentee's three warning letters "alone [did] not create personal jurisdiction"). Orion Labs's "attempts to extract a license in this case are much more akin to 'an arms-length negotiation in anticipation of a long-term continuing business relationship,' over which a district court may exercise jurisdiction." *Trimble*, 997 F.3d at 1157 (citing *Red Wing*, 148 F.3d at 1361); *see also Zipit Wireless*, 30 F.4th at 1376 (purposeful availment satisfied where patentee sent multiple communications to alleged infringer "to discuss allegations of infringement and the prospect of . . . licensing or purchasing the patents-in-suit"). As explained above, Zoho Technologies Corporation and Zoho Corporation

United States District Court
Northern District of California

are both California corporations, and Zoho Corporation distributes the accused products, connecting California to Zoho's declaratory judgment claims in this action—a consideration the Supreme Court has found relevant. *Trimble*, 997 F.3d at 1157 (citing *Ford*, 592 U.S. at 370-71). These considerations support a finding that Orion Labs has purposefully availed itself of the benefits of the forum and has purposefully directed its activities here.

Orion Labs points out that it did not file the Talkdesk Action in this District; rather, it filed the action in Virginia and it "was only transferred to this Court upon motion by the defendant." Dkt. No. 21 at 7. Thus, Orion Labs argues that "it was not Orion Labs's choice to avail itself of this forum" for purposes of the Talkdesk Action. *Id.* However, as Orion Labs acknowledges in a footnote, Orion Labs *stipulated* to transfer the action to this District. *Id.* at 7 n.3. Orion Labs then continued to litigate against Talkdesk in this District without contesting venue. The Court may consider this conduct as evidence that Orion Labs has purposefully directed its enforcement activities regarding the same patents towards California. *See Apple Inc. v. VoIP-Pal.com, Inc.*, 506 F. Supp. 3d 947, 962-63 (N.D. Cal. 2020) (holding patent owner purposefully directed its enforcement activities towards California by litigating six cases in the Northern District of California regarding related patents; stipulated to transfer infringement lawsuits to this District; and proceeded to litigate those cases in this District without contesting personal jurisdiction).

Orion Labs relies on *MG Freesites Ltd. v. DISH Techs. L.L.C.*, 712 F. Supp. 3d 1318 (2024) for the proposition that there must be more than one prior enforcement action in the forum before the Court properly can conclude that Orion Labs purposefully directed its enforcement activities towards California. *See* Dkt. No. 38 at 2-4. However, that reliance is misplaced. While the court in *MG Freesites* observed that "in the majority of cases where a prior enforcement action is the basis for jurisdiction the defendant had litigated multiple (e.g., six or more) infringement actions for related patents in the district," the court determined that "this does not end the inquiry." *MG Freesites*, 712 F. Supp. 3d at 1328-29. In fact, the *MG Freesites* court specifically noted that "[t]he Federal Circuit has recognized that a single, prior enforcement action in the same forum involving the same patent may under some circumstances amount to minimum contacts in the forum, even where . . . the parties did not overlap from one suit to the next." *Id.* at 1329

United States District Court
Northern District of California

(citing *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1020 (Fed. Cir. 2009)).  Here, the pending Talkdesk Action—which includes the same five patents at issue in this action—can be considered some evidence of Orion Labs's ongoing enforcement activities in California.

Orion Labs also relies on *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324 (Fed. Cir. 2008), arguing that the Federal Circuit concluded personal jurisdiction was lacking because the patentee "had pursued patent litigation only in other states."  Dkt. No. 38 at 4.  This reliance is misplaced, as the question in *Avocent* was whether an Alabama district court had personal jurisdiction over a Taiwanese company that had pursued patent enforcement actions in Texas, California, and Washington, D.C., but not in Alabama.  *Avocent*, 552 F.3d at 1339 ("To the extent the dissent contends that [defendant's] enforcement activities in other fora subject it to specific personal jurisdiction in Alabama . . . we respectfully disagree.  We are aware of no precedent that holds that the filing of a suit in a particular state subjects that party to specific personal jurisdiction everywhere else.").  Here, by contrast, Orion Labs stipulated to transfer the Talkdesk Action to California and continued to litigate the case in this District without objecting to venue.  *See Autogenomics,* 566 F.3d at 1020 (discussing *Viam Corp. v. Iowa Exp.-Imp. Trading Co.*, 84 F.3d 424 (Fed. Cir. 1996)) (personal jurisdiction over patentee may exist where the patentee sued a different infringer in the same court on the same patent).

Accordingly, the Court concludes that Orion Labs purposefully directed its activities at California.

### 2. Arising out of or relating to

When a plaintiff files a declaratory judgment action claiming non-infringement, the claim "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit."  *Avocent*, 552 F.3d at 1332.  "A declaratory judgment claim arises out of the patentee's contacts with the forum state only if those contacts 'relate in some material way to the enforcement or the defense of the patent.'"  *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138 (Fed. Cir. 2018) (quoting *Avocent*, 552 F.3d at 1336).

Orion Labs does not dispute that this action arises out of its efforts to enforce its patents

against Zoho. *See* Dkt. No. 21 at 7-8; Dkt. No. 38 at 2-4.

### 3.    Reasonable and fair

Orion Labs argues that the exercise of personal jurisdiction in this case would be unreasonable. Dkt. No. 21 at 7-8. The first two criteria for specific personal jurisdiction having been established, it is Orion Labs's burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985); *Zipit Wireless*, 30 F.4th at 1379. The relevant *Burger King* considerations are: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477.

Each of these factors supports the exercise of personal jurisdiction. First, as a Washington LLC with an Oregon office, Orion Labs would incur a relatively minimal burden if required to litigate in this District. *See VoIP-Pal.com*, 506 F. Supp. 3d at 965 (finding burden on the defendant to litigate in California would be minimal because defendant was based in Washington and several of its executives were located near the West Coast, in Washington and Utah); *see also Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1357 (Fed. Cir. 2017) ("By the very nature of its business [as a non-practicing patent holder], [patentee] must litigate its patents in the United States in fora far from its home office. In this context the burden on [patentee] to litigate in California appears not undue."). Second, as two of three plaintiffs, Zoho Technologies Corporation and Zoho Corporation, are incorporated and have their principal place of business in California, the second factor also weighs in favor of finding personal jurisdiction. *See Elecs. for Imaging*, 340 F.3d at 1352 ("California has a substantial interest in protecting its residents from unwarranted claims of patent infringement."). Third, plaintiffs Zoho Technologies Corporation and Zoho Corporation "indisputably [have] an interest in protecting [themselves] from patent infringement by obtaining relief 'from a nearby federal court' in [their] home forum." *Xilinx*, 848 F.3d at 1356. Fourth, an efficient resolution of the instant cases would be possible in this District

because the Court currently presides over the Talkdesk Action which alleges infringement of five of the same patents at issue here. Fifth, "there does not appear to be any conflict between the interests of California and any other state, because 'the same body of federal patent law would govern the patent invalidity claim irrespective of the forum.'" *Xilinx*, 848 F.3d at 1356 (quoting *Elecs. for Imaging*, 340 F.3d at 1352).

In sum, Orion Labs has not carried its burden "to convince [this Court] that this is one of the 'rare' situations in which sufficient minimal contacts exist but where the exercise of jurisdiction would be unreasonable." *See Elecs. for Imaging*, 340 F.3d at 1352.

**B.      Rule 12(b)(6):  Failure to State a Claim**

Orion Labs moves to dismiss all claims for failure to state a claim under Rule 12(b)(6). Dkt. No. 21 at 6-7. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Moreover, the Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Prager Univ. v. Google LLC*, No. 17-cv-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)), *aff'd*, 951 F.3d 991 (9th Cir. 2020). Nor does the Court accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Orion Labs argues that Zoho's claims "lack[] sufficient detail as to why the [p]laintiffs believe their products do not infringe the claims of the Challenged Patents." Dkt. No. 21 at 6. Zoho responds that the FAC adequately describes why Zoho believes it does not infringe Orion

10

Labs's patents, including by "identifying the specific limitations of each patent-at-issue that Zoho contends is not met by the specific Zoho products [Orion Labs] has accused." Dkt. No. 30 at 5.

The Court agrees that Zoho pleads cognizable claims for declaratory judgment of non-infringement with enough detail to put Orion Labs on notice of Zoho's non-infringement contentions. The FAC describes Orion Labs's patents and infringement allegations as follows: "Each of the allegedly infringed claims requires a virtual assistant or bot that is a node in or a member of a communication group. That is, the virtual assistant or bot is not assigned to a single user; it is an independent member of the communication group. [Orion Labs] has asserted that Zoho's Zia is such virtual assistant." Dkt. No. 9 ¶ 24. However, according to Zoho, "Zia is not a member of a communications group in any of Zoho Cliq, Zoho Meeting, or Zoho Voice." *Id.* ¶ 25. In addition, the FAC groups the patents at issue in categories and explains in more detail why Zoho believes its products do not infringe the patents in each group:

- **The '339 patent, the '430 patent, and the '003 patent:** The FAC alleges that "[n]one of the accused Zoho products permit a member of a communication group to instantiate Zia as a virtual assistant as required by the claims of the '339 patent, [the] '430 patent, and [the] '003 patent." *Id.* ¶ 28.

- **The '636 patent:** According to the FAC, the '636 patent requires that the "accused system send a message that includes an audio recording and a 'bot identifier for a bot member of the group[,]'" and requires "a selection of one of a plurality of voice libraries that enabled speech-to-text transcription for a natural language." *Id.* ¶¶ 31-32. The FAC alleges that the accused Zoho products do not include the required message or support selection of a particular voice library or multiple languages. *Id.*

- **The '733 patent:** The FAC alleges that the '733 patent requires that a member of the communication group send an audio transcription request and requires "determining a bot member . . . to launch based on an identifier of the communication group." *Id.* ¶¶ 35-36. The FAC alleges that the accused Zoho products do not include these functionalities. *Id.*

"Numerous California district courts have found general denials of infringement sufficient

11

to sustain declaratory judgment claims for patent non-infringement at the pleading stage." *Ironworks Pats. LLC v. Samsung Elecs. Co.*, No. 17-cv-01958-HSG, 2018 WL 1400440, at *2 (N.D. Cal. Mar. 20, 2018) (collecting cases); *see also Coinbase, Inc. v. Modern Font Applications LLC*, No. 21-cv-05305-LB, 2022 WL 62913, at *7 (N.D. Cal. Jan. 6, 2022) (denying Rule 12(b)(6) motion to dismiss non-infringement claims because "[t]he products here are the products that [patentee] accused in its cease-and-desist letter" and plaintiff "identified the accused products and provided sufficient notice of its contentions of non-infringement"); *MIS Scis. Corp. v. Rpost Commc'ns Ltd.*, No. 14-cv-00376-VC, 2016 WL 2931659, at *1 (N.D. Cal. May 19, 2016) (holding patentee had "adequate notice of the types of [plaintiff's] products that will be at issue" where complaint alleged that plaintiff's claims arose from patentee's pre-suit allegations that plaintiff infringed patents "by offering products and services, namely electronic message/email marketing, campaign, marketing automation, link tracking and message delivery/failure/opening reports"). Here, the FAC goes beyond "general denials" of infringement and identifies at least one reason why Zoho believes each of its accused products do not infringe Orion Labs's patents.

Accordingly, the Court concludes that Zoho adequately states its claims for declaratory judgment of non-infringement.

### C.     Rule 12(b)(1): Lack of Subject Matter Jurisdiction

A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The Court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "[I]n a factual attack," on the other hand, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction," the Court "may review evidence beyond the complaint

United States District Court
Northern District of California

12

without converting the motion to dismiss into a motion for summary judgment." *Id.* The Court "need not presume the truthfulness of the plaintiff's allegations" in deciding a factual attack. *Id.* Once the defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the Court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Generally, dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "is a procedural question not unique to patent law," and is therefore governed by regional circuit law. *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1380 (Fed. Cir. 2002). However, "[w]hether an actual case or controversy exists so that a district court may entertain an action for declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012). The Court has subject matter jurisdiction in a declaratory judgment action when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). Under the "all the circumstances" test, courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 136. The Federal Circuit has explained that, in the context of patent disputes, an actual controversy requires "an injury in fact traceable to the patentee," which requires "both (1) an affirmative act by the patentee related to the enforcement of his patent rights and (2) meaningful preparation to conduct potentially infringing activity." *Ass'n for Molecular Pathology v. U.S. Pat. & Trademark Off.*, 689 F.3d 1303, 1318 (Fed. Cir. 2012), *aff'd in part, rev'd in part on other grounds sub. nom. Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576 (2013). Here, the parties dispute only the first factor. *See* Dkt. No. 21 at 8-11; Dkt. No. 30 at 10-11; Dkt. No. 38 at 4-5.

Orion Labs contends that because it had not threatened litigation regarding the '430 patent or the '003 patent prior to the filing of the original complaint, Zoho fails to show that Orion Labs took any "affirmative act" related to the enforcement of its patent rights sufficient to create a case or controversy to establish the Court's subject matter jurisdiction over Zoho's claims regarding

13

those patents. Dkt. No. 21 at 8-11. Zoho responds that there is a justiciable case or controversy with respect to the '430 patent and the '003 patent because Orion Labs filed suit against Zoho for infringement of those patents. Dkt. No. 30 at 10-11. Because Orion Labs's argument focuses on the sufficiency of the FAC's allegations, the Court construes Orion Labs's motion as a facial attack on the Court's subject matter jurisdiction. As such, the record is limited to the FAC and materials that may be judicially noticed. *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017). The Court must accept well-pled allegations of the FAC as true, draw all reasonable inferences in Zoho's favor, and determine whether its allegations are sufficient to establish subject matter jurisdiction. *Id.*

The Court agrees with Zoho. Orion Labs's argument ignores the well-established rule that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 22-23 (2025). Thus, the FAC is the relevant pleading for purposes of Orion Labs's Rule 12(b)(1) challenge. *See Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008) (quoting *GAF Bldg. Materials Corp. v. Elk Corp.*, 90 F.3d 479, 483 (Fed. Cir. 1996)) ("[W]hile '[l]ater events may not create jurisdiction where none existed at the time of filing,' the proper focus in determining jurisdiction are 'the facts existing at the time of the complaint *under consideration* was filed.'").

Orion Labs does not dispute that it sued Zoho for infringement of the '430 patent and the '003 patent on October 21, 2025, and that Zoho filed the FAC adding declaratory judgment claims directed to those two patents one week later, on October 28, 2025. *See* Dkt. No. 9 ¶ 22; Dkt. No. 21 at 8. Orion Labs's initiation of litigation against Zoho for infringement of the two patents clearly constitutes "an affirmative act" that creates an "actual controversy." Zoho is not required to show that Orion Labs threatened litigation regarding the '430 patent and the '003 patent *before the filing of the original complaint* to establish an "actual controversy" when Orion Labs has actually sued Zoho for infringement of those patents, creating a controversy of "sufficient immediacy and reality." The FAC, as the complaint under consideration, adequately pleads that a controversy exists between the parties with respect to the '430 patent and the '003 patent. *See*

United States District Court
Northern District of California

*Twitter, Inc. v. VoIP-Pal.com, Inc.*, No. 20-cv-02397-LHK, 2020 WL 7342733, at *6-7 (N.D. Cal. Dec. 14, 2020) (court had subject matter jurisdiction over plaintiff's claim for a declaration of non-infringement and invalidity of a patent in part because the amended complaint alleged that since the filing of the original complaint, defendant had sued other companies for infringement of the same patent); *see also Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 984 (N.D. Cal. 2011) (denying motion to dismiss for lack of subject matter jurisdiction where plaintiffs failed to sue the correct owner of patents in original complaint because "[p]laintiffs have amended their complaint as of right under Fed. R. Civ. P. 15 to name the correct defendant").

Accordingly, the Court has subject matter jurisdiction over Zoho's claims 4 and 5, related to the '430 patent and the '003 patent.

## III.    MOTION TO TRANSFER

The Court next addresses Orion Labs's alternative motion to transfer. Orion Labs argues that transfer of this case to the Western District of Texas is warranted because Zoho's action is "anticipatory" and therefore, its choice of forum should be given "little deference." Dkt. No. 22 at 8-9, 15-16. In addition, Orion Labs argues that other considerations favor transfer for the convenience of witnesses and in the interest of justice. *Id.* at 9-14.

### A.    Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) "does not condition transfer on the initial forum's being 'wrong[,]' [a]nd it permits transfer to any district where venue is also proper . . . or to any other district to which the parties have agreed by contract or stipulation." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).

To determine whether transfer to another venue is warranted under § 1404(a), courts apply a two-part test. *Ctr. for Biological Diversity v. McCarthy*, No. 14-cv-05138-WHO, 2015 WL 1535594, at *2 (N.D. Cal. Apr. 6, 2015) (citing *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985)). First, courts consider whether the action properly could have been brought in the

proposed transferee district.  *Id.*  Second, if the action could have been filed in the transferee district, then courts consider whether the case should be transferred to that forum "[f]or the convenience of parties and witnesses, in the interest of justice."  *Id.* (quoting 28 U.S.C. § 1404(a)). The moving party bears the burden of showing that the case could have been brought in the transferee district and that convenience and fairness warrant transfer.  *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1040 (N.D. Cal. 2020) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000)).  The moving party "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum" by showing that factors relating to "the convenience of parties and witnesses" and "the interest of justice" justify a transfer of venue. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

In assessing whether convenience and fairness warrant transfer, relevant factors courts may consider include:  (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) ease of access to the evidence, (5) each forum's familiarity with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, (8) the relative court congestion and time to trial in each forum, and (9) the relevant public policy of the forum state, if any.  *See Epic Games, Inc.*, 435 F. Supp. 3d at 1040; *Jones*, 211 F.3d at 498-99.  "No single factor is dispositive," *Ctr. for Biological Diversity v. Kempthorne*, No. 08-cv-01339-CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citation omitted), and courts have broad discretion under § 1404(a) "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness," *Jones*, 211 F.3d at 498 (citations and quotations omitted).

### B.    Discussion

Orion Labs moves to transfer on the following grounds:  (1) Zoho's choice of forum is not entitled to deference, nor should it be considered the "first to file," because its action is "anticipatory"; (2) Zoho has represented in other cases that the Western District of Texas is the most convenient venue; (3) transfer would be more convenient for Zoho's employees in Texas who may be witnesses in this case; (4) evidence is easier to access in the Western District of Texas; (5) both courts are familiar with patent law; (6) this action can be consolidated with Orion

United States District Court
Northern District of California

16

Labs's action in the Western District of Texas; (7) Texas has a stronger interest in this controversy than California; and (8) the Western District of Texas docket is less congested than this District's docket. Dkt. No. 22 at 7-16. Zoho responds that Orion Labs has not met its burden to establish that the § 1404(a) factors warrant transfer and that there is no reason to depart from the first-to-file rule. Dkt. No. 31 at 1-2, 7-12.

Zoho does not dispute that this action could have been filed in the Western District of Texas. *See generally* Dkt. No. 31. Thus, the Court considers whether the § 1404(a) factors support transfer of this case to the Western District of Texas.

### 1.    Plaintiff's choice of forum

In evaluating the weight to be given to the plaintiff's choice of forum, courts consider the extent of the parties' contact with the chosen forum, including contacts relating to the plaintiff's claims for relief. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Although not dispositive, courts give the plaintiff's choice of forum significant weight where there is no evidence that the plaintiff engaged in forum shopping and both plaintiff and defendant have significant contacts with the chosen forum. *See Epic Games*, 435 F. Supp. 3d at 1041. In addition, in patent cases, "the general rule favoring the forum of the first-filed case" applies, "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise." *Elecs. for Imaging, Inc. v. Coyle,* 394 F.3d 1341, 1347 (Fed. Cir. 2005) (citation and internal quotation marks omitted). "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, . . . anticipatory suit, and forum shopping." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (citations omitted).

Orion Labs does not dispute that this action was filed before Orion Labs's own action against Zoho in the Western District of Texas. *See* Dkt. No. 37 at 1. However, Orion Labs argues that the primacy of Zoho's action is not entitled to deference. Citing *Activision Blizzard Inc. v. Acceleration Bay LLC*, No. 16-cv-03375-RS, 2016 WL 4548985 (N.D. Cal. Sept. 1, 2016), Orion Labs argues that Zoho's lawsuit was "filed in anticipation of imminent litigation" as part of "a procedural race to the courthouse." *Id.* at 8-9, 15-16. Orion Labs notes that the parties engaged in

17

United States District Court
Northern District of California

discussions from January 2025 through October 2025, and Zoho filed this action only two days after Orion Labs's October 8, 2025 deadline for Zoho to respond before Orion Labs said it would "hand the matter over to litigation counsel." *Id.* at 15-16. Zoho responds that "there is nothing uniquely anticipatory" about this action, as a declaratory judgment plaintiff in a patent case is always required to plead anticipation of litigation in order to have standing to seek declaratory relief. Dkt. No. 31 at 8.

The Court is not persuaded that this action is an improper anticipatory action in which the Court should afford plaintiff's choice of forum no deference or otherwise disregard the first-to-file rule. In *Activision*, the "parties had invested millions in litigation still pending" in Delaware "for almost fourteen months" before the Delaware district court dismissed the patent owner's infringement action "on a technical procedural ground without prejudice." *Activision*, 2016 WL 4548985, at *5-6. The patent owner "conveyed repeatedly it would cure any problems with prudential standing" within two weeks of the court's order. *Id.* at *2, *6. But, before the patent owner could file its amended complaint, the defendants filed suit in the Northern District of California, seeking declaratory judgments of non-infringement of the patents at issue. *Id.* at *6. After the patent owner filed its amended complaint in Delaware, it moved to transfer the California action to Delaware which the alleged infringers opposed on the grounds that the California action was technically the "first-filed." *Id.* at *3. The court in the Northern District of California granted the motion to transfer because the alleged infringers' "actions smack of gamesmanship" and an exception to the first-to-file rule exists for "*improper* anticipatory suits." *Id.* at *6 (emphasis added).

Here, there is no indication that this action involves any gamesmanship or other circumstances that make the timing of its filing in this District improper. Unlike *Activision*, there was no litigation pending between the parties in another district, but only a series of communications in which Orion Labs asserted that Zoho infringed Orion Labs's patents and attempted to convince Zoho to take a license. Zoho did not rush to the courthouse immediately, but instead filed this action over eight months after Orion Labs's first demand letter. Orion Labs's warning to Zoho that a failure to provide a "substantive response by Wednesday, October 8"

would result in Orion Labs "hand[ing] the matter over to litigation counsel" certainly suggests that Orion Labs contemplated litigation, but Zoho's filing of this action "does not come close to 'literally sprinting to the courthouse the same day'" that it received notice of Orion Labs's patent infringement contentions. *See Simpson Strong-Tie Co., Inc. v. Oz-Post Int'l, LLC*, No. 18-cv-01188-WHO, 2018 WL 3956430, at *9 n.10 (N.D. Cal. Aug. 17, 2018) (quoting *Trend Micro Inc. v. RPost Holdings, Inc.*, No. 13-cv-05227-WHO, 2014 WL 1365491, at *9 (N.D. Cal. Apr. 7, 2014)) (holding that first-filed suit was not an anticipatory suit because plaintiff filed the action one year after the patent owner's first demand letter and one month after second demand letter). Nonetheless, "whether a party intended to preempt another's infringement suit" is "merely one factor in the analysis." *Elecs. for Imaging, Inc.,* 394 F.3d at 1347-48 (reversing district court's dismissal of suit based solely on the finding that it was anticipatory).

According to Zoho, it chose to file suit in this District because it is the forum where plaintiffs Zoho Technologies Corporation and Zoho Corporation are incorporated and have had their principal place of business for over 20 years. *See* Dkt. No. 9 ¶¶ 4-5; Dkt. No. 31-1 ¶¶ 4, 8; Dkt. No. 31-2 ¶¶ 12, 13, Exs. 12, 13. Zoho's co-founder/CEO and Chief Strategy Officer are based in Zoho's Pleasanton, California office. Dkt. No. 31-1 ¶ 8. Zoho represents that its historical choice of forum in the United States is this District. *See* Dkt. No. 31 at 8-9 (listing prior cases filed in this District); Dkt. No. 31-2 ¶ 18, Ex. 18 (printout of webpage "Customer Region and Contracting Zoho Entities" showing that Zoho's chosen forum in the United States is Northern California). There is no indication that Zoho engaged in improper forum shopping in filing this action in this District.

On this record, Zoho's choice of forum is entitled to deference and weighs against transfer.

### 2.    Convenience of parties

Courts must "examine the convenience of all the parties, not just the plaintiff—and to try to identify the forum where the net convenience (to all parties) would be least." *Hangzhou Chic Intelligent Tech. Co. v. Swagway, LLC*, No. 16-cv-04804-HSG, 2017 WL 1425915, at *3 (N.D. Cal. Apr. 21, 2017) (quoting *Arete Power, Inc. v. Beacon Power Corp.*, No. 07-cv-5167-WDB, 2008 WL 508477, at *6 (N.D. Cal. Feb. 22, 2008)); *see also FastCap, LLC v. Snake River Tool*

United States District Court
Northern District of California

*Co., LLC*, No. 15-cv-02764-JSC, 2015 WL 6828196, at *5 (N.D. Cal. Nov. 6, 2015) ("[T]he Court considers the relative convenience of each district court and finds in favor of transfer when the transferee court will increase the parties' overall convenience.").

As noted above, Zoho Technologies Corporation and Zoho Corporation are both California corporations with their principal places of business in Pleasanton, California; Zoho's CEO and Chief Strategy Officer are based in Zoho's Pleasanton, California office; and Zoho's historical choice of forum in the United States is this District. *See* Dkt. No. 9 ¶¶ 4-5; Dkt. No. 31 at 8-9; Dkt. No. 31-1 ¶¶ 4, 8; Dkt. No. 31-2 ¶¶ 12, 13, 18, Exs. 12, 13, 18. On the other hand, Zoho Corporation Pvt. Ltd. is an Indian corporation with its headquarters in India, and both Zoho Technologies Corporation and Zoho Corporation also have offices in Texas. Dkt. No. 31-1 ¶¶ 3, 5, 8.

Orion Labs is a Washington LLC with an office in Oregon. Dkt. No. 22 ¶ 16. Orion Labs does not suggest that the Western District of Texas would be more convenient for it than the Northern District of California. *See* Dkt. No. 22 at 9-10 (explaining why Texas would be more convenient as to Zoho only); Dkt. No. 37 at 3 (same). Indeed, travel between Oregon and the Northern District of California requires less time than travel between Oregon and the Western District of Texas. Here, Orion Labs focuses solely on Zoho's ties to Texas, including Zoho's offices in Austin, Texas, Zoho's registered agent in Texas, and Zoho's prior representations about the convenience of the Western District of Texas in other cases. Dkt. No. 22 at 9-10.

Zoho responds that none of its prior motions to transfer concerned the relative convenience of this District as compared to the Western District of Texas. Dkt. No. 31 at 2. Rather, Zoho explains that each such transfer motion concerned the relative convenience of proceeding in the *Austin Division* of the Western District of Texas as opposed to other federal forums within Texas, i.e., Waco in the Western District of Texas or Marshall in the Eastern District of Texas. *Id*. In addition, Zoho argues that even if it had a significant presence in Texas, transfer would not be convenient because Orion Labs's principal objective is not simply to transfer the action to any courthouse within the Western District of Texas but instead to consolidate this action with Orion Labs's pending action in the Midland/Odessa Division of the Western District of Texas, not the

Austin Division where Zoho has its Texas offices.  *Id.* at 2 & n.4; *see also* Dkt. No. 22-11 (Orion Labs's complaint filed in the Midland/Odessa Division of the Western District of Texas).  Orion Labs acknowledges that it would move to consolidate this action with its pending action in the Midland/Odessa Division if the Court ordered a transfer of venue to the Western District of Texas and if this action were not automatically assigned to that Division by the Western District of Texas.  Dkt. No. 22 at 12; *see* Dkt. No. 40.  Zoho argues that litigating this action in the Midland/Odessa Division would be inconvenient because it has no offices in or connections to Midland, Texas, which is approximately 300 miles from Zoho's Austin offices.  Dkt. No. 31 at 10.

Considering Zoho's substantial presence in this District, Orion Labs's lack of presence in the Western District of Texas, and Zoho's distance from the Midland/Odessa Division, the Court concludes that Orion Labs has not carried its burden to show that the Western District of Texas would be more convenient for all parties.  This factor weighs against transfer.

### 3.    Convenience of witnesses

The convenience of witnesses is usually the most important factor in determining whether a transfer of venue is warranted.  *See Epic Games*, 435 F. Supp. 3d at 1042.  To establish the convenience or inconvenience of a forum to witnesses, "the moving party must name the witnesses, state their location, and explain their testimony and its relevance."  *Id.* (quotations and citation omitted).   Consideration of inconvenience to party witnesses (as compared to third-party witnesses) is discounted since they can be compelled to testify as part of their employment.  *See BioSpyder Techs., Inc. v. HTG Molecular Diagnostics, Inc.*, No. 20-cv-05607-EJD, 2021 WL 242866, at *3 (N.D. Cal. Jan. 25, 2021) (citing *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988)).

Here, Orion Labs has not identified any witnesses who are likely to testify in this action.  It argues that if any Zoho employees are called as witnesses, the Western District of Texas would be more convenient for Zoho because it has previously represented in a different unrelated case that it has approximately 198 employees in Texas and only 25 employees in California.  Dkt. No. 22 at 10-11.  Meanwhile, Zoho identifies the following potential witnesses:  (1) Zoho's Chief Strategy Officer, Vijay Sundaram, based in California; (2) Zoho's engineers with relevant knowledge of the

United States District Court  
Northern District of California

design and development of the accused Zoho products, who reside in India; (3) Vitek-IP, based in Oregon; (4) Vitek-IP's CEO, Daniel Buri, based in Oregon; and (5) four inventors of the patents at issue, based in California. Dkt. No. 31 at 4-5, 10. According to Zoho, Vitek-IP and its CEO Daniel Buri "have knowledge regarding the licensing of the patents-in-suit." *Id.* at 5. Orion Labs challenges Zoho's identification of the patent inventors, Vitek-IP, and Daniel Buri, on the ground that there is no reason to think they are likely to testify. Dkt. No. 37 at 4.

Although the Court doubts the need for the patent inventors to testify in a declaratory judgment action where non-infringement is the only issue, the Court concludes that Orion Labs has not met its burden to show that this factor weighs in favor of transfer. Orion Labs relies solely on the purported convenience of Zoho's Texas employees, which it concedes is "entitled little weight." *See* Dkt. No. 22 at 11. Zoho asserts that Mr. Sundaram, who resides in California, is expected to serve as a corporate witness. Dkt. No. 31 at 4. And Zoho further represented that its engineers in India (and not those in Texas) are likely to have relevant information regarding the accused products. *Id.* at 10; Dkt. No. 40. In the case of foreign witnesses, "it is probably not significantly more convenient for them to testify in one district versus another." *Rabinowitz v. Samsung Elecs. Am., Inc.*, No. 14-cv-00801-JCS, 2014 WL 5422576, at *6 (N.D. Cal. Oct. 10, 2014) (citation omitted).

On the whole, the convenience of relevant witnesses weighs somewhat against transfer.

### 4. Access to evidence

As for the ease of access relevant evidence, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted). Thus, the more convenient location is typically where an accused infringer's evidence is stored. *Id.* However, in the age of electronically stored information, "[t]he ease of access to evidence is neutral because much of the evidence in this case will be electronic documents, which are relatively easy to obtain in any district." *Simpson Strong-Tie*, 2018 WL 3956430, at *8 (quoting *Finjan, Inc. v. Sophos Inc.*, No. 14-cv-01197-WHO, 2014 WL 2854490, at *6 (N.D. Cal. June 20, 2014)).

Here, the parties have not identified any material evidence that bears on the Court's

United States District Court
Northern District of California

consideration of this issue.  Accordingly, this factor is neutral.

### 5.    Familiarity of each forum with applicable law

This case requires the application of federal patent law.  The parties agree that the Northern District of California and the Western District of Texas have familiarity with the law at issue.  *See* Dkt. No. 22 at 11-12; Dkt. No. 31 at 11.  Therefore, this factor is neutral.  *See, e.g.*, *Glaxo Grp. Ltd. v. Genentech, Inc.*, No. 10-cv-00675-JSW, 2010 WL 1445666, at *5 (N.D. Cal. Apr. 12, 2010) (finding familiarity of each forum with applicable law neutral because the case required the application of federal patent law).

### 6.    Feasibility of consolidation of other claims

Orion Labs argues that the cases should be consolidated in the Western District of Texas. Dkt. No. 22 at 12.  However, consolidation of the actions, if consolidation were otherwise warranted, conceivably could occur either in this District or in the Western District of Texas.  *See Simpson Strong-Tie*, 2018 WL 3956430, at *9.  As Orion Labs acknowledges, both cases are in the early stages.  *See* Dkt. No. 22 at 12.  This factor is likewise neutral.

### 7.    Local interest in the controversy

Orion Labs argues that Texas has a stronger interest in this controversy because Zoho Corporation is headquartered in Texas, Zoho Technologies Corporation has its largest office in Texas, and Zoho Corporation Pvt. Ltd. distributes Zoho products through plaintiffs' Texas offices. Dkt. No. 22 at 12-13.  Zoho concedes that both California and Texas have an interest in this controversy.  Dkt. No. 31 at 11.  However, Zoho contends that California has a greater interest in the controversy because "the alleged inventions in the patents-in-suit are based on work performed by California residents in this District while working at a company that resides in this District." *Id.*  In addition, Zoho notes that the Talkdesk Action, which involves the same five patents, is already proceeding in this District.  *Id.*

For this factor, the court "ask[s] only if there is an identifiable local interest in the controversy, not whether another forum also has an interest." *Tech. Credit Corp. v. N.J. Christian Acad., Inc.*, 307 F. Supp. 3d 993, 1009 (N.D. Cal. 2018) (quoting *Bos. Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201, 1211 (9th Cir. 2009)).  As California has an identifiable interest in

the controversy, this factor weighs against transfer.

### 8.       Relative court congestion and time to trial

"Administrative considerations such as docket congestion are given little weight in assessing the propriety of a Section 1404(a) transfer." *BioSpyder*, 2021 WL 242866, at *5.  Orion Labs argues that this factor weighs in favor of transfer because the Northern District of California has 14,477 cases pending, and 1,034 cases per judge, whereas the Western District of Texas has 10,281 cases pending, and only 791 cases per judge.  Dkt. No. 22 at 13-14.  In addition, Orion Labs reports that the average time to trial in this District is 37.6 months, as opposed to 32.8 months in the Western District of Texas.  *Id*.

The Court concludes this factor is neutral as the overall number of cases and time to disposition in the Northern District of California and the Western District of Texas are comparable.  *See BioSpyder*, 2021 WL 242866, at *5 (finding docket congestion factor neutral where median time to trial was 3.23 years in one district compared to 2.76 years in another district because the "disparity is not significant enough to alter the transfer calculus"); *see also Am. GNC Corp. v. GoPro, Inc.*, No. 18-cv-00968-BAS-BLM, 2018 WL 6074395, at *21 (S.D. Cal. Nov. 6, 2018) (a "six-month difference between the time to trial . . . is not significant").  Moreover, as a magistrate judge, the undersigned does not have a caseload that includes felony criminal trials, and so this Court may be able to more expeditiously advance this action to trial or other disposition than if the matter were assigned to a district judge.

In sum, Orion Labs has not met its burden to show that the convenience of the parties and the interest of justice warrant transferring this case.  Orion Labs's motion to transfer this case to the Western District of Texas is denied.

### IV.   CONCLUSION

For the reasons explained above, the Court denies Orion Labs's motion to dismiss and motion to transfer.

Orion Labs's answer is due no later than **April 14, 2026**.

//

//

24

**IT IS SO ORDERED.**

Dated: March 24, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California